IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CORNELIUS JAMES,

    Plaintiff,                      No. CIV S-10-1171 DAD P

    vs.

DEEPAK MEHTA, et al.,

    Defendants.                ORDER

_____/

        On May 12, 2010, plaintiff, a state prisoner proceeding pro se, filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. A day later, on May 13, 2010, plaintiff notified the court that his complaint in this action may contain claims identical to those he presented in another civil rights action that currently remains pending in this court, James v. Hubbard, 2:08-CV-01857 RRC.[1] Plaintiff suggests that the two cases be consolidated and assigned to the same judge. (See Not. of Related Case at 1.)

        After a careful review of plaintiff's complaint, the undersigned has determined that the instant action is only partially duplicative of plaintiff's case in James v. Hubbard. In James v. Hubbard, plaintiff filed a third amended complaint on January 25, 2010.[2] Therein, he

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] As of May 18, 2010, plaintiff's third amended complaint has not been screened.

alleges that prison officials violated his rights under the Eighth Amendment and the Americans with Disabilities Act (ADA) because they failed to provide him with adequate medical care for his vision impairment and muscle degeneration condition.  Although these claims are largely reiterated in plaintiff's complaint now before the court in this action, plaintiff does add two new claims here.  Specifically, in the present case plaintiff also alleges in his complaint that prison medical staff failed to provide him with adequate medical care when he contracted "Valley Fever" in 2005 and when he suffered from two ear infections in 2009.  (Compl. at 6-7.)

Because plaintiff's complaint in this action is only partially duplicative of his complaint filed in James v. Hubbard, plaintiff may proceed in one of two ways.  First, he may voluntarily dismiss this action and attempt to bring all his claims in a fourth amended complaint in James v. Hubbard.  Or second, plaintiff may amend his complaint in this action to include only his claims arising from defendants' alleged failure to properly treat of his "Valley Fever" and ear infections.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (Doc. No. 1) is dismissed; and

2. Plaintiff shall, within thirty days, either:

A. File a motion to voluntarily dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a); or

B. File an amended complaint containing claims that are not already alleged in plaintiff's third amended complaint in James v. Hubbard.

DATED: May 18, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
jame1171.23

2