IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CORNELIUS JAMES,

    Plaintiff,                        No. CIV S-10-1171 LKK DAD P

    vs.

DEEPAK MEHTA, et al.,

    Defendants.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28

1

U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff lists close to fifty individuals as defendants.[1]  Plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[2]  Specifically, plaintiff alleges that defendants failed to provide adequate supervision and treatment for his (1) Amyotrophic Lateral Sclerosis (ALS); (2) Valley Fever; (3) ear infections; and (4) high blood pressure.  In terms of relief, plaintiff seeks monetary damages and injunctive relief.  (Compl. at 1-15.)

/////

---

[1] Thirty-five of these defendants are identified as "John Does."

[2] Plaintiff also includes in his complaint four state law claims for negligence and medical malpractice against defendants.

3

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. A complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In this regard, plaintiff must allege, with at least some degree of particularity, overt acts which the defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff elects to file an amended complaint, he is advised that he should allege in specific terms how each named defendant was involved in the deprivation of his rights. In his original complaint, plaintiff appears to implicate every physician and medical staff member who has ever tended to him in connection with one of his medical conditions. For example, plaintiff alleges that defendants Dhillion, Pai, Capitano, Uppal, Williams, Bick, Aguilera, and Andreason all failed to treat his ALS when they ignored Dr. Mummaneni's suggestion that plaintiff receive surgery for his left rotator cuff. However, plaintiff himself alleges in his complaint that defendant Mehta was his primary care provider at the time and was responsible for his care. As explained above, there can be no liability under 42 U.S.C. § 1983 unless plaintiff alleges facts providing some affirmative link or connection between a named defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Similarly, plaintiff must allege specific acts demonstrating how defendants Bick, Aguilera, and Andreason failed to provide him with adequate medical care. To the extent that plaintiff has identified these three individuals as defendants due merely to their roles as

4

supervisors of the prison's medical staff, plaintiff is advised that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u>. Therefore, when a named defendant holds a supervisorial position, a plaintiff must specifically allege the causal link between the defendant and the claimed constitutional violation. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Moreover, to the extent that plaintiff has identified supervisorial defendants based upon their alleged failure to train subordinates, plaintiff is advised that he must allege facts showing that: (1) "the need for more or different training was obvious;" and (2) the inadequacy of the training was "so likely to result in violations of constitutional rights" that the supervisors can reasonably be said to have been deliberately indifferent to the need. <u>Clement v. Gomez</u>, 298 F.3d 898, 905 (9th Cir. 2002) (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378, 390 (1989)).

   Plaintiff is also advised of the following legal standards governing the Eighth Amendment claim which he is apparently attempting to present. In <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), the United States Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." In applying this standard, the Ninth Circuit has held that the "indifference to [a prisoner's] medical needs must be substantial" before it can be said that his civil rights have been abridged. <u>Broughton v. Cutter Lab.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-06). In this regard, "mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Id.</u>

   Lastly, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Under Local Rule 220, an amended complaint must be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Thus, each claim and the involvement of each defendant must be

sufficiently alleged in the amended complaint.

## OTHER MATTERS

Also pending before the court is plaintiff's May 13, 2010 motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack the authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances that are common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 12, 2010 application to proceed in forma pauperis (Doc. No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (Doc. No. 1) is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
2  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
3  amended complaint in accordance with this order will result in a recommendation that this action
4  be dismissed without prejudice;

5      5. The Clerk of the Court is directed to send plaintiff the court's form for filing a
6  civil rights action; and

7      6. Plaintiff's May 13, 2010 motion for appointment of counsel (Doc. No. 5) is
8  denied.

9  DATED: June 22, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
jame1171.14a

7