IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CORNELIUS JAMES,

      Plaintiff,                       No. 2:10-cv-1171 LKK DAD P

    vs.

DEEPAK MEHTA, et al.,

      Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding through counsel with an action filed pursuant to 42 U.S.C. § 1983. Several motions came before the court for hearing on November 18, 2011, at which time counsel appeared for plaintiff and for the defendants who had been served and had appeared in this action. The court ruled on the motions at that time as reflected in the minutes of those proceedings. (See Doc. No. 54.) Inadvertently, the court failed to issue a written order memorializing the rulings entered at the hearing. This order corrects that oversight.

        First, counsel for plaintiff filed a motion to modify discovery procedures. Specifically, plaintiff's counsel sought clarification from the court as to the appropriateness of initial disclosures in this case. Counsel also sought relief from the limitations imposed by Rule 30 of the Federal Rules of Civil Procedure on the number of depositions that a party may take and requested clarification regarding the length of time allowed for plaintiff's deposition.

1

As to plaintiff's request for early disclosures, the court indicated at the November 18, 2011 hearing that requiring early disclosures in this case did not appear appropriate. Rather, the court indicated that it was inclined to allow the parties to proceed with discovery using other methods of discovery, including interrogatories and requests for production of documents. The court maintains the view that requiring early disclosures would not necessarily contribute to the effective development of this case, particularly at this late juncture in the proceedings.[1] See Fed. R. Civ. P. 26(a)(1)(B) advisory committee's note ("The objective of this listing [of categories of proceedings exempted from initial disclosure] is to identify cases in which . . . initial disclosure appears unlikely to contribute to the effective development of the case."). Although there are currently ten defendants in this case, plaintiff has presented relatively straightforward inadequate medical care claims against them. In addition, according to the discovery plan submitted by the parties on November 11, 2011 for the court's approval, the parties agreed that they wish to complete all discovery by August 2012. Neither party has filed any subsequent discovery motions following the November 18, 2011 hearing. Accordingly, the court will assume for the time being that pretrial discovery has proceeded in accordance with the parties' agreed upon dates set forth in their discovery plan and without dispute. As such, the court denied plaintiff's request for an order requiring early disclosures.

As to plaintiff's request for leave to conduct more than ten depositions, the court instructed the parties at the November 18, 2011 hearing to submit a proposed stipulation for the court's approval once the parties agreed to a set number of depositions to be taken in this action if that number exceeded the ten per party provided for in Rule 30. At the hearing, counsel for plaintiff had proposed that the parties be permitted fifteen depositions per party in addition to the depositions of any disclosed experts. Counsel for defendants agreed to take plaintiff's proposal

---

[1] Plaintiff commenced this action by filing his pro se complaint on May 12, 2010. Counsel was not appointed by the court to represent plaintiff until April 22, 2011. Issues related to service of the named defendants have contributed to further delay in the proceedings.

under consideration. At this time, the parties have not filed any proposed stipulation regarding additional depositions for the court's consideration and approval. Nor has plaintiff's counsel renewed the request in this regard. As such, assuming this issue has not been rendered moot, the court's order entered at the November 18, 2011 hearing, denying without prejudice plaintiff's request for leave to conduct more than ten depositions, will stand.

As to plaintiff's request for clarification regarding the length of plaintiff's deposition, at the November 18, 2011 hearing, the court indicated that it would adopt the agreement reached by the parties on this issue and instructed the parties to submit a stipulated protective order or separate proposed orders and any objections thereto. At this time, the parties have not filed a stipulated protective order or separate proposed orders. Nor has plaintiff renewed any request in this regard through motion for a protective order. Assuming this issue has not been rendered moot, the parties may submit for the court's review a stipulated protective order or separate proposed orders within fourteen days of the date of this order.

Finally, now pending before the court is plaintiff's motion for an extension of time to serve defendant Uppal. Defense counsel has not opposed or otherwise responded to that motion. Good cause appearing, the court will grant plaintiff one final extension of time to serve defendant Uppal.[2]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify discovery procedures (Doc. No. 48) is granted in part and denied in part as follows:

    a. Plaintiff's request for early disclosures is denied;

/////

---

[2] However, the court notes its concern with respect to delay in this case which, as noted above was commenced over two years ago, on May 12, 2010. If new defendants are served and appear, it will obviously impact the scheduling of this case. Moreover, in light of other actions recently taken by the parties, the discovery plan and schedule presented by the parties on November 11, 2011 and adopted by the court already appears to be in jeopardy.

      b. Plaintiff's request for leave to conduct more than ten depositions is denied without prejudice; and

      c. Plaintiff's request for clarification on the length of time allowed for plaintiff's deposition granted. If this issue has not been rendered moot, the parties may submit for the court's review a stipulated protective order or separate proposed orders within fourteen days.

2. Plaintiff's motion for an extension of time to serve defendant Uppal (Doc. No. 68) is granted. Plaintiff shall serve defendant Uppal on or before August 14, 2012.

DATED: July 31, 2012.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jame1171.mots