IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CORNELIUS JAMES,

    Plaintiff,               No. 2:10-cv-1171 LKK DAD P

    vs.

DEEPAK MEHTA, et al.,

    Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding through counsel with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Capitano's motion to set aside default. Plaintiff has opposed the motion, and defendant has filed a reply. This matter came before the court for oral argument on August 24, 2012. For the following reasons, as well as those stated on the record, the undersigned will recommend that defendant's motion to set aside the default be granted.

**BACKGROUND**

        Plaintiff is proceeding on a second amended complaint against defendants Aguilera, Andreason, Bick, Dhillon, Mehta, Pai, Dr. Williams, and Nurse Williams.[1] Therein,

---

[1] Counsel on behalf of plaintiff is still attempting to effect service on defendant Uppal.

1

plaintiff alleges that defendants failed to provide him with adequate medical treatment for his (1) Amyotrophic Lateral Sclerosis (ALS); (2) Valley Fever; (3) ear infections; and (4) high blood pressure. In this regard, plaintiff claims that the defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff also asserts state law claims for negligence and medical malpractice. In terms of relief, plaintiff seeks monetary damages and injunctive relief.

When the court initially screened plaintiff's second amended complaint, it was determined that the complaint also appeared to state a cognizable claim for relief against defendant Capitano. On December 2, 2011, defendant Capitano's summons was returned executed. However, defendant Capitano did not timely file a responsive pleading or answer to the complaint. On March 23, 2012, plaintiff filed a motion for entry of default, and on April 16, 2012, the Clerk of the Court entered default as to defendant Capitano.

On July 18, 2012, counsel on behalf of defendant Capitano filed the pending motion to set aside the entry of default, arguing that good cause exists to set it aside because the default was not willful, plaintiff will not be prejudiced by the set aside, and defendant Capitano has a meritorious defense. (Def. Capitano's Mem. of P. & A. at 3-6.) In opposition to the motion, counsel for plaintiff argues that defendant Capitano's default was culpable, and defendant Capitano has failed to assert facts in support of a meritorious defense to this action. Counsel for plaintiff also argues that in the event that the court grants defendant's motion to set aside it should be conditioned on payment of attorneys' fees and costs to plaintiff. (Pl.'s Opp'n to Def. Capitano's Mot. to Set Aside at 1-10.)

## DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure allows the district court to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). In determining whether to set aside the entry of default, the court may consider: (1) whether the defendant's default was willful, (2) whether the plaintiff would be prejudiced by setting aside the default, and (3) whether the

1  defendant has a meritorious defense.  See Franchise Holding II v. Huntington Restaurants Group,
2  375 F.3d 922, 925-26 (9th Cir. 2004).  "The court's discretion is especially broad where, as here,
3  it is entry of default that is being set aside rather than a default judgment."  Mendoza v. Wight
4  Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986).

5       In this case, the court finds good cause to set aside defendant Capitano's default.
6  Specifically, the court finds that defendant Capitano's inaction was, at most, negligent and not
7  willful or culpable.  See Gregorian v. Izvestia, 871 F.2d 1515, 1525 (9th Cir. 1989) (culpability
8  involves "not simply nonappearance following the receipt of notice of the action, but rather
9  conduct which hindered judicial proceedings . . . .").  Defendant Capitano has declared under
10 penalty of perjury that this was the first time she had received personal service of a lawsuit, and
11 she erroneously believed that prison officials from the California Department of Corrections and
12 Rehabilitation would contemporaneously receive notice of the suit and respond to it on her
13 behalf.  (Capitano Decl. at 2.)  See Mendoza, 783 F.2d at 946 (affirming district court's decision
14 to set aside default based on defendants' evidence of confusion regarding service).  Moreover, by
15 setting aside the default, plaintiff will not suffer any prejudice at this juncture of the present case.
16 The court only recently issued the discovery and scheduling order, which was based on the
17 parties' joint motion and proposed scheduling order dates.  Defendant Capitano's attorney stated
18 at the hearing on the motion to set aside default that she was in agreement with that recently
19 issued scheduling order.[2]  In addition, as noted above, counsel for plaintiff is still attempting to
20 effect service on one of the defendants named in this action.  Finally, defendant Capitano may
21 have a meritorious defense.  She has provided testimony that she treated plaintiff's shoulder
22 condition within the standard of care.  (Capitano Decl. at 2.)  To be sure, the defendant's sworn
23 statement in this regard is rather abbreviated.  However, if established, defense counsel is correct

---

[2] In fact, according to the parties' joint motion, they chose the proposed schedule for this litigation based in part on the possibility that the court would grant defendant Capitano's pending motion.  See Order filed August 8, 2012 (Doc. No. 76.)

that mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). For all of these reasons, the court's discretion should be exercised in favor of setting aside the Clerk's entry of default as to defendant Capitano.

The court should also declines to require defendant Capitano to pay attorneys' fees and costs to plaintiff as a condition to setting aside the default. It is true that district courts may appropriately condition setting aside a default judgment upon payment of a sanction. See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546-47 (9th Cir. 1988). However, even assuming the district courts may similarly condition setting aside entry of default, as opposed to default judgment, upon payment of a sanction, the undersigned finds that such sanctions would be both drastic and premature under the circumstances presented in this case. See 854 F.2d at 1548 (imposition of sanctions after setting aside default judgment was appropriate because the court had previously lifted three entries of default judgment, imposed four orders of money sanctions for failure to comply with discovery requests and court orders, and held numerous hearings on motions to comply).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Capitano's motion to set aside default (Doc. No. 69) be granted; and

2. Defendant Capitano be directed to file an answer within fourteen days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 27, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jame1171.def