IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CORNELIUS JAMES,

      Plaintiff,                    No. 2:10-cv-1171 LKK DAD P

    vs.

DEEPAK MEHTA, et al.,

      Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding through counsel with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's request for entry of default against defendant Uppal. Defendant Uppal has filed an opposition to plaintiff's request as well as an answer to plaintiff's complaint. For the following reasons, the undersigned will recommend that plaintiff's request for entry of default be denied.

**BACKGROUND**

        Plaintiff is proceeding on his second amended complaint against defendants Aguilera, Andreason, Bick, Capitano, Dhillon, Mehta, Pai, Uppal, Dr. Williams, and Nurse Williams. Therein, plaintiff alleges that the defendants failed to provide him with adequate medical treatment for his: (1) Amyotrophic Lateral Sclerosis (ALS); (2) Valley Fever; (3) ear infections; and (4) high blood pressure. In this regard, plaintiff claims that the defendants have

1

been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff also asserts state law claims for negligence and medical malpractice. In terms of relief, plaintiff seeks monetary damages and injunctive relief.

On December 29, 2012, defendant Uppal was served with the proper summons pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. However, defendant Uppal did not timely file a responsive pleading or answer to the complaint. On January 28, 2013, plaintiff filed a request for entry of default. On February 11, 2013, Real Party in Interest California Department of Corrections and Rehabilitation ("CDCR") moved to stay plaintiff's request and this court granted that request. On March 13, 2013, counsel on behalf of defendant Uppal filed an opposition to plaintiff's request for entry of default and an answer to plaintiff's complaint.

**DISCUSSION**

The court should not formally enter default against a defendant when it is clear that the court would set aside that same default upon motion by the defendant. See 10A Fed. Prac. & Proc. Civ. § 2682 (3d ed. Dec. 2012) (citing Brown v. Weschler, 135 F. Supp. 622 (D.D.C. 1955) ("The Court will not go through formal entry of default in a case when it is apparent that in the exercise of its discretion the default will be set aside on motion."). Rule 55(c) of the Federal Rules of Civil Procedure allows the district court to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). In determining whether to set aside the entry of default, the court may consider: (1) whether the defendant's default was willful, (2) whether the plaintiff would be prejudiced by setting aside the default, and (3) whether the defendant has a meritorious defense. See Franchise Holding II v. Huntington Restaurants Group, 375 F.3d 922, 925-26 (9th Cir. 2004); see also Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986) ("The court's discretion is especially broad where, as here, it is entry of default that is being set aside rather than a default judgment.").

In this case, the court finds that because there would be good cause to set aside defendant Uppal's default, the court therefore should not formally enter default against her.

1  Specifically, defendant Uppal's default does not appear to have been willful.  Plaintiff served the
2  defendant by publication because both the United States Marshal and plaintiff were unable to
3  locate her.  On February 13, 2013, defense counsel, on behalf of Real Party in Interest CDCR,
4  filed a motion to stay plaintiff's request for entry of default because defendant Uppal was
5  believed to be homeless and therefore could not be easily located.  On March 6, 2013, defense
6  counsel located defendant Uppal and obtained her signed request for representation form.  On
7  March 11, 2013, defense counsel filed a notice of appearance and an answer on behalf of
8  defendant Uppal, demonstrating her intent to defendant against this suit.  See Gregorian v.
9  Izvestia, 871 F.2d 1515, 1525 (9th Cir. 1989) (culpability involves "not simply nonappearance
10 following the receipt of notice of the action, but rather conduct which hindered judicial
11 proceedings . . . .").  Moreover, plaintiff would not suffer any prejudice at this juncture of the
12 present case.  The court recently granted the parties' stipulation to modify the scheduling order,
13 which acknowledged the possibility that defendant Uppal might appear in this action to defend
14 herself.  See Order filed February 15, 2013 (Doc. No. 94.)  Accordingly, the court should
15 exercise its discretion and not formally enter default against defendant Uppal.

## CONCLUSION

17        Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's request to enter
18 default against defendant Uppal (Doc. No. 90) be denied.

19        These findings and recommendations are submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
21 days after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties.  Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
24 /////
25 /////
26 /////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 28, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jame1171.def(2)