1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES CORNELIUS JAMES,

11          Plaintiff,                   No. 2:10-cv-1171 LKK DAD P

12      vs.

13   DEEPAK MEHTA, et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding through counsel.  The parties came before

17   the court on May 10, 2013, at which time defense counsel Mitchell A. Wrosch agreed to share

18   Dr. R. Ranade's <u>in camera</u> declaration which was filed in support of defendant Dr. Uppal's

19   motion for a protective order, with the other attorneys in this case subject to a protective order.

20   Thereafter, confusion has arisen as to whether the court had issued a protective order on the

21   record during the hearing.  Defense counsel Wrosch has since filed a proposed protective order.

22   Counsel for plaintiff has also filed a motion seeking sanctions for defense counsel's alleged

23   failure to timely turn over Dr. R. Ranade's declaration.

24          Under these circumstances, and in the interest of justice, the court will issue the

25   following protective order and deny plaintiff's motion for sanctions.

26   /////

1

IT IS HEREBY ORDERED that:

1. The Declaration of R. Ranade, M.D., dated April 25, 2013, and titled "Declaration of R. Ranade, M.D., In Support Of Motion For Emergency Protective Order To Prevent The Deposition Of Defendant R. Uppal" ("Ranade Declaration") is designated as confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only Material").  Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, and to counsel for the parties (including the paralegal, clerical, certified law students, and secretarial staff employed by counsel), but shall not be disclosed to a party, unless otherwise agreed or ordered. If disclosure of Attorneys' Eyes Only Material is made, all other provisions in this Order with respect to confidentiality shall also apply;

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party;

3. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of prosecution, defense, or settlement of this action, and for no other purpose;

4. The Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, or to counsel for a party (including the paralegal, clerical, certified law students, and secretarial staff employed by counsel);

5. If the Declaration of R. Ranade, M.D., dated April 25, 2013, titled "Declaration of R. Ranade, M.D., In Support Of Motion For Emergency Protective Order To Prevent The Deposition Of Defendant R. Uppal" ("Ranade Declaration")  is included in any

/////

1    papers to be filed in Court, such papers shall be labeled "Confidential—Subject to Court Order,"

2    and filed under seal;

3           6.   In the event that the Declaration of R. Ranade, M.D., dated April 25, 2013,

4    titled "Declaration of R. Ranade, M.D., In Support Of Motion For Emergency Protective Order

5    To Prevent The Deposition Of Defendant R. Uppal" ("Ranade Declaration") is used in any court

6    proceeding in this action, it shall not lose its confidential status through such use, and the party

7    using the material shall take all reasonable steps to maintain its confidentiality during such use;

8           7.   This Order shall be without prejudice to the right of the parties (i) to bring

9    before the Court at any time a question of whether any particular document or information is

10   confidential or whether its use should be restricted or (ii) to present a motion to the Court under

11   FRCP 26(c) for a separate protective order as to any particular document or information,

12   including restrictions differing from those as specified herein. This Order shall not be deemed to

13   prejudice the parties in any way in any future application for modification of this Order;

14          8.   This Order is entered solely for the purpose of facilitating the exchange of

15   documents and information between the parties to this action without involving the Court

16   unnecessarily in the process. Nothing in this Order nor the production of any information or

17   document under the terms of this Order nor any proceedings pursuant to this Order shall be

18   deemed to have the effect of an admission or a waiver by any party or of altering the

19   confidentiality or nonconfidentiality of any such document or information or altering any existing

20   obligation of any party or the absence of obligation;

21          9.   This Order shall survive the final termination of this action, to the extent that

22   Declaration of R. Ranade, M.D., dated April 25, 2013, titled "Declaration of R. Ranade, M.D., In

23   Support Of Motion For Emergency Protective Order To Prevent The Deposition Of Defendant R.

24   Uppal" ("Ranade Declaration")  is not or does not become known to the public, and the Court

25   shall retain jurisdiction to resolve any dispute concerning the use of information disclosed under

26   this Order;

1         10.  Upon termination of this case, Plaintiff's counsel and co-Defense counsel

2    shall return the Declaration of R. Ranade, M.D., dated April 25, 2013, titled "Declaration of R.

3    Ranade, M.D., In Support Of Motion For Emergency Protective Order To Prevent The

4    Deposition Of Defendant R. Uppal" ("Ranade Declaration") designated as confidential and all

5    copies of same, other than papers on file with the Court, or shall certify the destruction thereof;

6         11.  Notwithstanding the foregoing, counsel shall be permitted to retain a copy of

7    each document filed with the Court or served in this proceeding, including correspondence with

8    opposing counsel, which copies shall remain subject to the terms of this Order; and

9         12.  Plaintiff's motion for sanctions (Doc. No. 125) is denied.

10   DATED: May 20, 2013.

11

12   _____

13   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

14   /jame1171.po

15

16

17

18

19

20

21

22

23

24

25

26