1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES CORNELIUS JAMES,

11              Plaintiff,                    No. 2:10-cv-1171 LKK DAD P

12        vs.

13   DEEPAK MEHTA, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16              Plaintiff, a state prisoner proceeding through counsel, has filed this civil rights

17   action seeking relief under 42 U.S.C. § 1983.  This matter came before the court on May 10,

18   2013, for hearing of defendants' motion to quash or limit plaintiff's subpoena served on the

19   California Medical Board on the grounds that the subpoena would invade the privacy rights of

20   defendant Dr. Mehta and his patients and, in any event, is not calculated to lead to the discovery

21   of admissible evidence.  (Doc. No. 106.)  Attorney Carter White and Certified Law Student

22   Karen Soell appeared on behalf of plaintiff Charles James.  Attorney Kathleen Williams

23   appeared on behalf of the moving defendants Aguilera, Andreasen, Bick, Dhillon, Mehta, Pai,

24   Williams, N.P. and Williams, M.D.

25              Upon consideration of the parties' arguments as set forth in the briefing submitted

26   and at oral argument, for the reasons set forth below defendants' motion to quash or limit will be

                                            1

1 | granted in part and denied in part.

2 | BACKGROUND

3 |    Plaintiff is proceeding on his second amended complaint against defendants

4 | Aguilera, Andreasen, Bick, Capitano, Dhillon, Mehta, Pai, Uppal, Dr. Williams, and Nurse

5 | Williams.  Therein, plaintiff alleges that the defendants failed to provide him with adequate

6 | medical treatment for his:  (1) Amyotrophic Lateral Sclerosis (ALS); (2) Valley Fever; (3) ear

7 | infections; and (4) high blood pressure.  In this regard, plaintiff claims that the defendants have

8 | been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

9 | Plaintiff also asserts state law claims for negligence and medical malpractice.  In terms of relief,

10 | plaintiff seeks monetary damages and injunctive relief.

11 |    Regarding defendant Dr. Mehta, plaintiff's second amended complaint alleges as

12 | follows.  Despite the surgery recommendation of a physician act UCSF Medical Center in July of

13 | 2008 and a June 2009 radiology report reflecting that plaintiff had a full tender tear in his rotator

14 | cuff, Dr. Mehta refused to treat plaintiff's shoulder surgically or otherwise.  (Doc. No. 19 at 7.)

15 | Plaintiff also suffered from Valley Fever.  On April 7, 2008, was seen by Dr. Mehta with

16 | symptoms including leg swelling, skin irritation and a peeling rash.  (Id. at 9.)  Despite plaintiff's

17 | condition and serious medical history, Dr. Mehta failed to order any testing for possible heart

18 | failure or infection.  (Id.)  Plaintiff saw Dr. Mehta again on April 18, 2008 with significantly

19 | elevated blood pressure, decreased air entry and complaints of a stabbing pain in his chest and a

20 | feeling that he was about to pass out.  (Id.)  Nonetheless, defendant Dr. Mehta again ordered no

21 | tests to explore plaintiff's lung disorder.  Three days later, while plaintiff was at a routine

22 | Hepatitis Clinic appointment, the attending physician noticed plaintiff's decrease airflow and

23 | ordered an X-ray, as a result of which plaintiff was immediately hospitalized to have his lungs

24 | drained and for a biopsy.  (Id.)  Although Dr. Mehta thereafter referred plaintiff to outside

25 | hospitals for further testing, Dr. Mehta and the other defendants ignored the resulting diagnosis

26 | and recommendations.  (Id. at 10.)

On or about April 2, 2013, counsel for plaintiff in this action served a subpoena on the Custodian of Records for the California Medical Board requiring production of:

> Any and all records pertaining to Deepak Mehta, M.D., Physician's and Surgeon's Certificate No. A63312 including all records of Case No. 12-2008-191988 before the Medical Board of California, Department of Consumer Affairs for the State of California.

(Doc. No. 116-2 at 2.)  The case number referred to in the subpoena was that of a formal accusation brought by the Medical Board against defendant Dr. Mehta on July 30, 2009, alleging gross negligence in the treatment he rendered, or failed to render, to plaintiff in April of 2008. (Doc. No. 113-1.)  Indeed, the allegations of the Board's formal accusation are substantially the same as the allegations of plaintiff's second amended complaint with respect to defendant Dr. Mehta.  (Id.)

Shortly after the subpoena was issued, on April 5, 2013, defense counsel wrote to notify the Medical Board that she would be moving to quash the subpoena and putting the Board on notice that they were "not to release the records requested." (Doc. No. 116-2 at 5.)  On April 8, 2013, a Staff Counsel for the California Department of Consumer Affairs wrote to plaintiff's counsel objecting to production of the items sought by the subpoena based upon assertions of the right to privacy, attorney-client and attorney work product privileges, the deliberative process privilege and the official information privilege.  (Id. at 7-8.)  Finally, on May 10, 2013, a Deputy Attorney General wrote a letter to the court, apparently on behalf of the Medical Board, indicating that it was well aware of the subpoena and the defendant's pending motion to quash but that the Board was nonetheless taking the position that even if the defendant's motion to quash was denied, that plaintiff's counsel would be required to move to compel the production of documents sought from the Board with another full opportunity for briefing.[1]

---

[1] Counsel on behalf of the Board took this "position" at its own risk.  The Medical Board chose to ignore the April 17, 2013 production date that appeared on the face of the subpoena and to instead rest upon its letter objection.  It is clear that counsel for the Board was in contact with

1                           ARGUMENTS OF THE PARTIES

2              The court finds the arguments of the parties submitted in connection with the

3     motion to quash to be somewhat perfunctory and, in large part, unhelpful.

4              In moving to quash the subpoena, counsel for defendant Dr. Mehta argues that the

5     right to privacy enjoyed by Dr. Mehta and other patients which might appear in Medical Board

6     records relating to Dr. Mehta, prevents compliance with the subpoena.  (Doc. No. 106-1 at 2-3.)

7     Defense counsel also argues that the records sought by the subpoena are not relevant to this

8     action, in part because no disciplinary actions have been taken against defendant Dr. Mehta and

9     he is currently a physician in good-standing.  (Id. at 3.)

10             Counsel for plaintiff counters that despite the broad language of the subpoena

11    seeking "any and all records pertaining to Deepak Mehta, M.D." that what plaintiff really seeks

12    are Medical Board records pertaining to the investigation of Dr. Mehta's treatment of plaintiff as

13    well as other inmate patients.  (Doc. No. 113 at 1-2.)  Plaintiff's counsel argues that applying the

14    applicable balancing test, plaintiff's need for the records sought outweighs any alleged privacy

15    interests of any other inmate and especially of Dr. Mehta himself, since the records sought go to

16    the heart of plaintiff's case.  (Id. at 4-5.)

17             Defendants' reply broadly contends that Dr. Mehta's own right to privacy under

18    the California Constitution prevents disclosure of the documents sought from the Board by way

19    of subpoena.  (Doc. No. 116 at 2-5.)

20    ――――――――――――――――

21    counsel for both plaintiff and defendants.  The Board elected to accept defense counsel's
      directive not to comply with the subpoena while defense counsel moved to quash it.  The Board
22    had more than enough time to move to quash the subpoena itself or to seek a protective order but
      chose not to do so.  Discovery in this action closes on August 30, 2013.  The court has been
23    apprised that defendant Dr. Mehta's deposition is now scheduled for on or about August 19,
      2013.  The court has also been advised that defense counsel have indicated their opposition to
24    any further extension of discovery in this action.  Now that the time for discovery in this case is
      about to expire, the Board cannot be allowed to unilaterally elect to have a second bite at this
25    apple, one through defendants' counsel with whom they are cooperating and another of their
      own.  Rather, the Board will be required to comply with the court's order issued in response to
26    defense counsel's motion to quash the subpoena which referred the court to the Board's
      objections.  See Fed. R. Civ. P. 45(c)(2)(B)(ii).

ANALYSIS

In this civil rights action brought pursuant to 42 U.S.C. § 1983 it is federal privilege law that governs.  United States v. Zolin, 491 U.S. 554, 562 (1989) ("Questions of privilege that arise in the course of the adjudication of federal rights are 'governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.' ") (quoting Fed. R. Evid. 501)); Garrett v. City and County of San Francisco, 818 F.2d 1515, 1519 n. 6 (9th Cir. 1987) ("This court has held that personnel files are discoverable in federal question cases . . . despite claims of privilege" under state law.)  This is the case, despite the presence of supplemental state law claims in the same action.  Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir. 2005); Religious Technology Center v. Wollersheim, 971 F.2d 364, 367, n.10 (9th Cir. 1992) (declining to apply California litigation privilege law in a copyright action with pendant state law claims); Wm. T. Thompson Co. v. Gen. Nutrition Corp., 671 F.2d 100, 104 (3d Cir. 1982); Jadwin v. County of Kern, 610 F. Supp. 2d 1129, 1200 (E.D. Cal. 2009).  Nonetheless, the fact that federal law governs does not rule out the application of state law where state law is not inconsistent with federal law and persuasive in the context of the dispute.  See Doubleday v. Ruh, 149 F.R.D. 601, 610 (E.D. Cal. 1993); see also Leon v. County of San Diego, 202 F.R.D. 631, 635 (S.D. Cal. 2001) (holding that California Evidence Code provision rendering medical peer review records privileged under state law was inapplicable in a § 1983 action and ordering discovery).

Although not precisely on point, the court finds the Ninth Circuit's decision in Agster to be quite instructive.  In that case the estate of Charles Agster brought an action against individuals, the County and the County Sheriff's Office following the death of Agster when he was placed in a restraint chair while incarcerated at the County Jail.  422 F.3d at 837.  Under its own policies and governing regulations Correctional Health Services, whose employees had given medical care to the deceased, were obligated to conduct a mortality review which was intended to be confidential.  Id.  Plaintiffs sought discovery of the review.  The defendants

1  opposed, arguing that the review was confidential under state law.  Id  The district court ordered

2  production of the review.  Id.  On appeal, the Ninth Circuit affirmed finding that federal privilege

3  law applied, that no medical peer review privilege had been recognized under federal law and

4  rejecting the creation of a new privilege to protect disclosure of the confidential review as a

5  matter of federal common law.  In this latter regard the Ninth Circuit observed:

6              The particular objection is that the privilege is sought to protect a
             report bearing on the death of a prisoner.  Whereas in the ordinary
7              hospital it may be that the first object of all involved in patient care
             is the welfare of the patient, in the prison context the safety and
8              efficiency of the prison may operate as goals affecting the care
             offered.  In these circumstances, it is peculiarly important that the
9              public have access to the assessment by peers of the care provided.
             Given the demands for public accountability, which seem likely to
10             guarantee that such reviews take place whether they are privileged
             or not, we are not convinced by the County's argument that such
11             reviews will cease unless kept confidential by a federal peer review
             privilege.  Accordingly, we are unwilling to create the privilege in
12             this case.

13  Agster, 422 F.3d at 839 (emphasis added).  See also Williams v. University Medical Center of

14  Southern Nevada, 760 F. Supp. 2d 1026, 1030-32 (D. Nev. 2010); Leon, 202 F.R.D. at 635

15  (rejecting application of California privilege law with respect to a detainees medical care in a §

16  1983 action and ordering discovery); Guzman-Ibarguen v. Sunrise Hosp. and Medical Center,

17  Nos, 2:10-cv-1228-PMP-GWF and 2:10-cv-1983-PMP-GWF,  2011 WL 2149542, at * 7-8 (D.

18  Nev. June 1, 2011) (ordering discovery based on the finding that the decision in Agster was

19  controlling long as the investigation in question related "to the adequacy of the medical care

20  provided to a particular patient" and the basic purpose of the investigation involved "patient

21  safety and the quality of medical care."); Etter v. Bibby, Civil Action No. 10-cv-0557-JLK-CBS,

22  2011 WL 5216855, at *4-8 (D. Colo.  Nov. 2, 2011).

23         These same legal principles apply here to the extent plaintiff's subpoena seeks

24  records pertaining to the Medical Board of California's Case No. 12-2008-191988 which was

25  brought against defendant Dr. Mehta based specifically and solely on his alleged gross

26  negligence in treating plaintiff in April of 2008.  (See Doc. No. 113, Ex. A.)  Such records may

1   well, as plaintiff argues, go to the very heart of his allegations against defendant Dr. Mehta and

2   are clearly relevant thereto.  Defendant's have established no interest of any similar weight in

3   non-disclosure of those records, but instead have relied merely on broad assertions of defendant

4   Dr. Mehta's right to privacy.  The balance here clearly tips in favor of disclosure.

5          Although, as noted above, the Medical Board has not moved to quash the

6   subpoena this court will not order production of documents within that case file which:

7   reflecting the direct communications between the Board and its attorneys in the Attorney

8   General's Offices protected by the attorney-client privilege; records reflecting the conclusions or

9   opinions of the Board clearly protected by the deliberative process privilege; and any private

10  contact or identifying information with respect to any individual mentioned in those records.  The

11  latter information may be redacted prior to production.

12         Defendants' motion to quash will be granted in all other respects.  Plaintiff has

13  made no showing that would justify production of the remainder of the Medical Board's records

14  with respect to defendant Dr. Mehta.  Plaintiff now argues that by way of this subpoena he seeks

15  only other records reflecting any complaints filed by other inmates regarding the medical care

16  they have been provided by Dr. Mehta.  The court first notes that this limitation does not appear

17  on the face of plaintiff's subpoena.  On that basis alone, the motion to quash with respect to

18  Medical Board documents beyond those directly related to the accusation regarding the medical

19  care provided by Dr. Mehta to plaintiff must be granted.  Moreover, the court observes that

20  plaintiff  has failed to make any preliminary showing that such records of other inmate

21  complaints exist or, if they did, that they would reflect a pattern and practice on behalf of

22  defendant Dr. Mehta.  Here, it is far from clear that the non-party California Medical Board is the

23  best source of information regarding past complaints that have been registered by CDCR inmates

24  regarding the level of medical care provided to them by Dr. Mehta.  See Soto v. Castlerock

25  Framing & Transport. Inc., 282 F.R.D. 492, 505 (E.D. Cal. 2012).

26  /////

7

CONCLUSION

For the reasons set forth above, defendants' motion to quash (Doc. No. 106) plaintiff's subpoena served upon the Medical Board of California is granted in part and denied in part as explained above.  All records pertaining to the Medical Board of California's Case No. 12-2008-191988 Deepak Mehta, M.D. except to the extent reflecting communications between the Board and its attorneys, the conclusions or opinions of the Board and any private contact or identifying information with respect to any individual mentioned in those records, shall be produced to plaintiff's counsel forthwith but in no event later than 4:30 p.m. on August 16, 2013.

IT IS SO ORDERED.

DATED: August 13, 2013.


_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

dad1.civilrights
jame1171.mtq.

8