UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLES CORNELIUS JAMES,

        Plaintiff,

   v.

DEEPAK MEHTA, et al.,

        Defendants.

                                          /

NO. CIV. S-10-1171 LKK/DAD P

O R D E R

Plaintiff has filed a motion for reconsideration of Magistrate Judge Drozd's decision to approve payment of Dr. Loman-Hoerth at her customary hourly rate. See Pl's Mot., ECF No. 120; 04/19/2013 Minutes, ECF No. 110. For the reasons provided herein, the court DENIES Plaintiff's motion for reconsideration.

**I. BACKGROUND**

Plaintiff, a state prisoner at the California Medical Facility ("CMF"), is proceeding through counsel with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff claims, in part, that he was denied physical and occupational therapy prescribed by Dr.

1

Catherine Lomen-Hoerth, a medical provider at UCSF Medical Center in San Francisco, in violation of his Eighth Amendment rights. Pl's Second Am. Compl., ECF No. 19.

In another case filed in this district, Plaintiff brings claims against the California Department of Corrections and Rehabilitation ("CDCR"), pursuant to the Americans with Disabilities Act and the Rehabilitation Act, for failing to provide Plaintiff with access to prison activities and programs, including physical therapy prescribed by Dr. Lomen-Hoerth. See James v. Hubbard, et al., No. 2:08-cv-01857-RRC, at Fifth Am. Compl., ECF No. 32.[1]

Defendants noticed the deposition of Dr. Lomen-Hoerth for April 23, 2013. Plaintiff requested that the deposition be coordinated with the deposition of Dr. Lomen-Hoerth in Plaintiff's other action filed in this district, James v. Hubbard, No. 2:08-cv-01857-RRC, and served a cross-notice of deposition under both cases.

On March 29, 2013, Plaintiff filed a Motion to Clarify Deposition Procedures to "resolve . . . the issue of whether federal practice allows for compensation in addition to the witness fee of a treating doctor who has not been retained as an expert by any party, and if so, what amount of compensation is appropriate."

////

---

[1] Plaintiff has filed a Notice of Related Cases for each of his cases filed in this district and the parties refer to these two cases as being related. The cases are not, in fact, related.

2

Pl's Mot., ECF No. 102.[2]

On April 12, 2013, the parties filed a Joint Statement re: Discovery Disagreements, pursuant to Local Rule 251, to set forth their respective positions as to the appropriate fee, and the burden of payment, for Dr. Lomen-Hoerth's testimony.  Joint Statement, ECF No. 107.

Plaintiff noted that "[f]ederal courts are split on whether a treating doctor may be compensated in addition to the witness fee and mileage for deposition or trial testimony" and sought clarification from the court as to "whether the doctor can receive an hourly fee for providing deposition testimony" in "excess of the appearance fee."  Id. at 3-4.  Plaintiff also requested "to incur this cost from the Nonappropriated Fund under General Order 510."  Id. at 4; see also Pl's Mot., ECF No. 109.

Defendants contended that it was not "fair to have defendants bear the entire cost of the deposition when it is plaintiff who seeks to depose Dr. Lomen-Hoerth in the companion case" and that "a reasonable resolution . . . would be for the parties to agree to split the cost of Dr. Lomen-Hoerth's $700 per hour fee with half of the time being paid by the plaintiff and the other half of the time being paid by the defendants."  Id. at 5.

On April 19, 2013, following a hearing on the Motion to Clarify Deposition Procedures, Magistrate Judge Drozd "approved

---

[2] The parties agree that the U.C. Regents' standard compensation is $700 per hour for time spent giving a deposition, pursuant to California Code of Civil Procedure § 2034.430.

payment of the customary hourly rate of Dr. Loman-Hoerth to acquire testimony in the case" and determined that the "parties shall split the cost."  See 04/19/2013 Minutes, ECF No. 100.

On April 30, 2013, Magistrate Judge Drozd approved Plaintiff's request to incur costs for Dr. Loman-Hoerth's compensation, in the amount of $700, from the Nonappropriated Fund.  Order, ECF No. 121.

On May 3, 2013, Plaintiff filed the instant motion for reconsideration of Magistrate Judge Drozd's decision to approve payment of Dr. Loman-Hoerth at her customary hourly rate.  Pl's Mot., ECF No. 120.

## II. STANDARD FOR RECONSIDERATION

Under Eastern District of California Local Rule 303(c), "A party seeking reconsideration of a Magistrate Judge's ruling shall file a request for reconsideration by a Judge. . . . Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection."

Local Rule 303(f) provides that "[t]he standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."

The latter statute provides:

> Notwithstanding any provision of law to the contrary . . . a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain specified matters].  A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

4

28 U.S.C. § 636(b)(1)(A).

An order is "clearly erroneous" if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). "[R]eview under the 'clearly erroneous' standard is significantly deferential. . . . ." Concrete Pipe and Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 622, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993). Under the "contrary to law" standard, a district court may conduct independent review of purely legal determinations by a magistrate judge. Computer Economics, Inc. v. Gartner Group, Inc., 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (Whelan, J.). The movant's mere disagreement with a ruling is not grounds for reconsideration. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (Wanger, J.).

### III. ANALYSIS

Upon review of Plaintiff's arguments and the relevant legal authorities, the court determines that Magistrate Judge Drozd's decision to approve payment of Dr. Loman-Hoerth at her customary hourly rate was neither "clearly erroneous" nor "contrary to law."

The court therefore DENIES Plaintiff's motion to reconsider the Magistrate Judge's ruling. See Pl's Mot., ECF No. 120.

IT IS SO ORDERED.

DATED: August 23, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5