UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CORNELIUS JAMES,<br><br>Plaintiff,<br><br>v.<br><br>DEEPAK MEHTA, et al.,<br><br>Defendants. | No. 2:10-cv-1171 LKK DAD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding through counsel, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Pending before the court is a motion for judgment on the pleadings and a motion to strike brought on behalf of defendants Aguilera, Andreason, Bick, Dhillon, Mehta, Pai, Dr. Williams, and Nurse Williams. Counsel for defendants Capitano and Uppal have filed a notice of joinder in that motion. Counsel for plaintiff has filed an opposition, and defendants have filed a reply. All parties came before the court on August 9, 2013, for hearing on the motions. For the reasons stated herein, the court will recommend granting the defendants' motions.

**BACKGROUND**

Plaintiff is proceeding on a second amended complaint. Therefore, plaintiff alleges that from December 2007 to May 2010, defendants failed to provide him with adequate medical treatment for his: (1) Amyotrophic Lateral Sclerosis (ALS); (2) Valley Fever; (3) ear infections;

1

and (4) high blood pressure. Plaintiff claims that the defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff also claims that the defendants were negligent, engaged in medical malpractice, and failed to summon proper medical care in violation of state law. Plaintiff seeks monetary damages and injunctive relief.

## THE PARTIES' ARGUMENTS

In the pending motion for judgment on the pleadings, defense counsel argues that plaintiff has failed to state a claim under California Government Code § 845.6 for failure to summon medical care and moves to strike any such references in plaintiff's second amended complaint. In this regard, defense counsel argues that § 845.6 is narrowly written and allows for a claim against a public employee only for a failure to summon immediate medical care. Defense counsel contends that plaintiff suffers from a number of chronic medical conditions that the defendant health-care providers addressed. Counsel notes that while the defendants could be held liable to plaintiff for failing to exercise appropriate medical judgment in connection with plaintiff's ongoing medical care (i.e., for medical negligence), they may not be held liable for failure to summon medical care for an obvious and immediate need. (Defs.' Mem. of P. & A. 3-5.)

In opposition to the motion, counsel for plaintiff argues that plaintiff's allegations support a claim under § 845.6. For example, plaintiff alleges that as his Valley Fever worsened, his lungs filled with fluid, impaired his breathing, and caused swelling in his thoracic cavity, but that defendant Dr. Mehta nonetheless failed to order proper tests causing plaintiff's condition to worsen. Ultimately, plaintiff had to be admitted to outside medical facilities for lung drainage and other urgent treatment. Defendants also allegedly ignored the diagnoses and recommendations made by outside doctors and delayed plaintiff's lung surgery for more than a year. Counsel contends that these factual allegations state a cognizable claim under § 845.6. (Pl.'s Opp'n to Defs.' Mot. for J. on Pleadings at 3-7.)

## JUDGMENT ON THE PLEADINGS STANDARD UNDER RULE 12(c)

The Federal Rules of Civil Procedure provide that, "[a]fter the pleadings are closed – but early enough not to delay the trial – a party may move for judgment on the pleadings." Fed. R.

Civ. P. 12(c).  In deciding a motion for judgment on the pleadings, the court must accept the factual allegations of the complaint as true and construe the allegations in the light most favorable to the non-moving party.  See Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542 (9th Cir. 2006).  The court may grant a motion for judgment on the pleadings where there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law.  See id.

As a general rule, when deciding a motion for judgment on the pleadings, the court may not consider factual material extrinsic to the complaint.  See Fed. R. Civ. P. 12(d).  However, the court may consider facts that "are contained in materials of which the court may take judicial notice."  Heliotrope General, Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999).  See also Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (a court is allowed to consider extrinsic evidence without converting a motion to dismiss to a motion for summary judgment when the evidence is judicially noticeable as a matter of public record); Branch v. Tunnell, 14 F.3d 449, 454-55 (9th Cir. 1994) (a court is allowed to consider extrinsic documents without converting a motion to dismiss into a motion for summary judgment when:  (1) the documents are attached to or mentioned in the pleadings; (2) the documents are not attached but are integral to the claims; and (3) the documents are subject to judicial notice), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

**DISCUSSION**

California Government Code § 845.6 provides:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but . . . a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care. . . .

See Cal. Gov't Code § 845.6.

California courts have narrowly interpreted § 845.6 to create limited liability only when: (1) the public employee 'knows or has reason to know of the need,' (2) of 'immediate medical

care,' and (3) 'fails to take reasonable action to summon such medical care.'" <u>Castaneda v. Dep't of Corrs. & Rehab.</u>, 212 Cal. App. 4th 1051 (2013). In <u>Castaneda</u>, prison medical staff failed to refer a prisoner for a biopsy where cancer was suspected and ultimately, caused the prisoner's death. <u>Id.</u> at 1072. The California Court of Appeal held that the state was immune from liability under § 845.6 because the statute "neither encompasses a duty to provide reasonable medical care, nor includes a concomitant duty to assure that prison medical staff properly diagnose and treat the medical condition, nor imposes a duty to monitor the quality of care provided." <u>Id.</u> Based on the record before it, the court noted that the state had summoned medical care for the prisoner and "did more than summon, it treated him." <u>Id.</u> The state appellate court explained that there is a "distinction for failure to summon medical care – for which the State can be held liable under section 845.6 – on the one hand, and negligence in providing care – for which the State is immune – on the other hand." <u>Id.</u> at 1071. As a matter of statutory interpretation, the California Court of Appeal in <u>Castaneda</u> determined that failure to prescribe/provide necessary medication or treatment is a breach of duty and as such is medical malpractice and not a failure to summon medical care. <u>Id.</u> In this regard, decisions involving matters of professional judgment exercised during the provision of care, such as whether to grant or deny a referral or to classify a referral as "Routine," "Urgent," or "Emergent," fall outside of the scope of liability created by § 845.6 and instead fall under the rubric of furnishing or obtaining medical care for which the state is immune under the first provision of that statute. <u>Id.</u> at 1072-73.

In this case, even assuming the allegations of plaintiff's second amended complaint to be true, defendants' alleged conduct – the failure to provide additional treatment, including further diagnostic tests and referrals – go to the reasonableness of the care they provided and do not constitute a failure to "summon" medical care for purposes of liability under § 845.6. See <u>Castaneda</u>, 212 Cal. App. 4th at 1072-73 ("failure of these two public employees to provide further treatment, or to ensure further diagnosis or treatment, or to monitor Castaneda or follow up on his progress, are all facts which go to the reasonableness of the medical care provided, but do not constitute a failure to *summon* medical care.") (emphasis in original); <u>Watson v. State of California</u>, 21 Cal. App.4th 836, 842-43 (1993) (statutory duty to summon medical care under §

4

845.6 does not encompass a duty to provide reasonable medical care); Nelson v. State of California, 139 Cal. App. 3d 72, 81 (1982) ("Failure of a practitioner to prescribe or provide necessary medication or treatment to one he or she has been summoned to assist is . . . medical malpractice and . . . cannot be characterized as a failure to summon medical care.").

In opposing the pending motion plaintiff's counsel relies on the decision in Jett v. Penner, 439 F.3d 1091 (9th Cir. 2006) and on unpublished federal district court cases. In contrast to the California Court of Appeal in Castaneda, the Ninth Circuit Court of Appeals in Jett interpreted § 845.6 expansively. See Jett, 439 F.3d at 1099. In Jett, the court found there was a question of fact as to whether a prisoner received "immediate medical care" for his fractured thumb because it was not timely set and placed in a cast. Id. The Ninth Circuit explained that California Government Code § 845.6 includes medical diagnosis as well as treatment and noted that a prisoner's need for "immediate medical care" can arise more than once during the course of his treatment for an ongoing serious medical condition. Id. The Ninth Circuit observed that "if the California Legislature intended the duty of summoning immediate medical care to be limited only to diagnosis or to the first time there was a need for treatment for a serious medical condition, it would have specified such." Id. In this regard, the Ninth Circuit rejected the notion that the plaintiff's § 845.6 cause of action in that case "was centered on the adequacy of treatment provided." Id. at 1099.

However, the Ninth Circuit's decision in Jett interpreting California Government Code § 845.6 is "only binding in the absence of any subsequent indication from the California courts that [the Ninth Circuit's] interpretation was incorrect." In re Watts, 298 F.3d 1077, 1083 (9th Cir. 2002) (quoting Owen v. United States, 713 F.2d 1461 (9th Cir. 1983)). See also Munson v. Del Taco, Inc., 522 F.3d 997 (9th Cir. 2008) (previous interpretation of state law is only binding if there is no subsequent indication from California courts that the previous interpretation was incorrect). The Ninth Circuit decided Jett in 2006. The California Court of Appeal decided Castaneda in 2013, and rejected the Ninth Circuit's interpretation of § 845.6 in Jett. The California Court of Appeal explained:

/////

> [T]he Ninth Circuit's application of section 845.6 [in Jett] ignores California authority interpreting that statute. California courts hold the failure to prescribe necessary medication or, once summoned, to provide treatment, to ensure proper diagnosis, or to monitor the progress of an inmate that the public employee has been summoned to assist, are issues related to the manner in which medical care is provided, and do not subject the State to liability under section 845.6 for failure to summon.

See Castaneda, 212 Cal. App. 4th at 1074.

"In the absence of a pronouncement by the highest court of a state, federal courts must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently." Owen, 713 F.2d at 1464 (quoting Andrade v. City of Phoenix, 692 F.2d 557, 559 (9th Cir. 1982)). See also Munson v. Del Taco, Inc., 522 F.3d 99, 1002 (9th Cir. 2008); In re Watts, 298 F.3d at 1082-83 (9th Cir. 2002) ("In reexamining our interpretation of section 704.950(c) in light of Smith and Teaman [two California Court of Appeal decisions], we conclude that, if confronted with the issue, the California Supreme Court would follow the rationale of Smith and Teaman and not the approach that we adopted in Jones."); Fireman's Fund Ins. Co. v. North Pacific Ins. Co., No. 10-35814, 2011 WL 3510936 at *2 (9th Cir. Aug. 11, 2011) ("the district court correctly concluded that the reasoning in the intermediate state-court decision . . . supersedes our prior reasoning. . . . . As there are no 'convincing' reasons for disagreeing with the intermediate state court, that decision is a conclusive interpretation of the [state] statute.")[1]; Hernandez v. Towne Park, No. CV 12-02972 MMM (JCGx), 2012 WL 2373372 at *13 n.62 (C.D. Cal. June 22, 2012) ("The Ninth Circuit has strongly stated that when applying California law, federal district courts should follow precedential decisions by the California Court of Appeal."); Guillen v. Bank of America Corp., No. 5:10-cv-05825 EJD (PSG), 2011 WL 4071996 at *4 (N.D. Cal. Aug. 31, 2011) ("This court must defer to the interpretation of the California Court of Appeal absent convincing evidence the California Supreme Court would decide the matter differently.").

/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Here, counsel for plaintiff has not provided any convincing argument that the California Supreme Court would reject the California Court of Appeal's interpretation of § 845.6 in Castaneda. Accordingly, based upon the state appellate court's decision in Castaneda, defendants' motion for judgment on the pleadings and motion to strike addressing plaintiff's cause of action brought pursuant to California Government Code § 845.6 should be granted.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for judgment on the pleadings and motion to strike (Doc. No. 130) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 10, 2013

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jame1171.57