UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CORNELIUS JAMES,<br><br>Plaintiff,<br><br>v.<br><br>DEEPAK MEHTA, et al.,<br><br>Defendants. | No. 2:10-cv-1171 LKK DAD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding through counsel with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is now before the court on defendants' motion to dismiss brought pursuant to unenumerated Rule 12(b) of the Federal Rules of Civil Procedure due to plaintiff's alleged failure to exhaust his administrative remedies prior to bringing suit as required.[1] Counsel for plaintiff has filed an opposition to the motion, and defendants have filed a reply. The parties came before the court on November 1, 2013, for a hearing on the motion. For the reasons stated herein, the court will recommend denying defendants' motion to dismiss.

/////

/////

---

[1] Defense counsel Wilson and Wagley of Williams and Associates have brought the motion on behalf of defendants Aguilera, Andreason, Bick, Dhillon, Mehta, Pai, Dr. Williams, and Nurse Williams. Defendants Dr. Capitano and Dr. Uppal are represented by separate counsel and are not parties to the pending motion to dismiss.

## BACKGROUND

Plaintiff is proceeding on a second amended complaint. Therein, plaintiff alleges that from December 2007 to May 2010, defendants failed to provide him with adequate medical treatment for his: (1) Amyotrophic Lateral Sclerosis ("ALS"); (2) Valley Fever; (3) ear infections; and (4) high blood pressure. Plaintiff claims that the defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff also claims that the defendants were negligent, engaged in medical malpractice, and failed to summon proper medical care in violation of state law. Plaintiff seeks monetary damages and injunctive relief.

## THE PARTIES' ARGUMENTS

In the pending motion to dismiss, defense counsel argues that plaintiff did not exhaust his claim that defendants failed to provide him with occupational therapy for his ALS in violation of the Eighth Amendment. Specifically, defense counsel argues that plaintiff filed administrative grievance Log No. CMF-06-10-10450 complaining that he was not receiving occupational therapy, but he never appealed the grievance to the director's level of review. Moreover, counsel contends that even if plaintiff had appealed the grievance to the director's level of review, any such appeal would have been untimely for purposes of the exhaustion requirement because he filed the initial complaint in this action before the second level of review had even issued its decision on the grievance. (Defs.' Mem. of P. & A. 3-6.)

In opposition to defendants' motion to dismiss, counsel for plaintiff argues that plaintiff filed two administrative grievances, Log Nos. CMF-08-2243 and CMF-06-09-10796, that satisfy the exhaustion requirement for his claim that defendants failed to provide him with occupational therapy for his ALS in violation of the Eighth Amendment. Counsel also argues that defendants' motion to dismiss is untimely because defense counsel filed the pending unenumerated 12(b) motion after filing defendants' answer. (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 4-12.)

## THE EXHAUSTION REQUIREMENT

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section

1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures.  See Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement.  See id. at 741 n.6.  Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal.  See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).  "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself."  Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88).  See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most inmate appeals progress through three levels of review. See id. § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

/////

1    The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative
2 defense.  See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or
3 demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th
4 Cir. 2003).  The defendants bear the burden of raising and proving the absence of exhaustion.
5 Wyatt, 315 F.3d at 1119.  Once the defendants meet their burden, the burden shifts to the plaintiff
6 to show that the administrative remedies were unavailable.  See Hilao v. Estate of Marcos, 103
7 F.3d 767, 778 n.5 (9th Cir. 1996).

8    A prisoner may be excused from complying with the PLRA's exhaustion requirement if
9 he establishes that the existing administrative remedies were effectively unavailable to him.  See
10 Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010).  For example, where prison officials
11 improperly screen out inmate grievances, they render administrative remedies effectively
12 unavailable.  See id. at 823.  In such a case, "the inmate cannot pursue the necessary sequence of
13 appeals . . . ."  Id.  See also Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)  (excusing an
14 inmate's failure to exhaust because he was precluded from exhausting administrative remedies by
15 a warden's mistaken instruction to him that a particular unavailable document was needed for him
16 to pursue his inmate appeal).

17    If the district court concludes that the prisoner has not exhausted administrative remedies
18 and is not excused from doing so, "the proper remedy is dismissal of the claim without
19 prejudice."  Wyatt, 315 F.3d at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir.
20 2005).  On the other hand, "if a complaint contains both good and bad claims, the court proceeds
21 with the good and leaves the bad."  Jones, 549 U.S. at 221.

22                                    **DISCUSSION**

23    Based on the evidence presented by both parties in connection with the pending motion to
24 dismiss, the court finds that plaintiff properly exhausted his administrative remedies prior to
25 bringing suit as required.  Specifically, in administrative grievance Log No. CMF-06-09-10796,
26 plaintiff stated that he suffers from ALS and that Dr. Catherine Lomen-Hoerth ordered prison
27 officials to provide him with physical therapy.  Plaintiff further stated that Dr. Lomen-Hoerth had
28 ordered physical therapy for him in December 2007, but he did not actually start his PT sessions

until March 2009. Plaintiff complained that this undue delay constituted cruel and unusual punishment and that his body had become severely disfigured due to this deliberate indifference. He requested, inter alia, year-round physical therapy as ordered by Dr. Lomen-Hoerth. (Pl.'s Opp'n to Defs.' Mot. to Dismiss, Ex. B at 5.)

Defense counsel argues that administrative grievance Log No. CMF-06-09-10796 fails to satisfy the exhaustion requirement because plaintiff did not grieve his lack of *occupational* therapy "as alleged in his second amended complaint" and instead only grieved his lack of *physical* therapy. (Defs.' Reply at 4.) This court is not persuaded by defense counsel's argument. It is well established that a prisoner is not required to limit the allegations in his civil rights complaint to the allegations set forth in his administrative grievance. As the Ninth Circuit Court of Appeals has made clear:

> A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.

Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

The Griffin standard for exhaustion establishes a "low floor" for specificity and only requires that a prisoner alert prison officials to the specific nature of his problem and what remedy he seeks. Griffin, 557 F.3d at 1120. Here, the court finds that plaintiff's administrative grievance Log No. CMF-06-09-10796 included sufficient detail to put prison officials on notice of plaintiff's claim that he was receiving inadequate medical care for his ALS and wanted care consistent with Dr. Lomen-Hoerth's orders. See Jones, 549 U.S. at 219 (citing Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance process is not a summons and complaint that initiates adversarial litigation.")); Gomez v. Winslow, 177 F. Supp. 2d 977, 982 (N.D. Cal. 2001) ("Rather than distinct causes of action, allegations that defendants failed to notify Gomez that he tested positive for hepatitis C antibodies, begin treatment for a matter of years, or provide him with

adequate information are simply aspects of the inadequate medical treatment he notified corrections officials about in his administrative appeals.  The allegations are encompassed within Gomez's claim of inadequate medical care and do not require filing separate internal grievances.").

Defense counsel also argues that there is no evidence that plaintiff pursued administrative grievance Log No. CMF-06-09-10796 through the third and final level review.  (Defs.' Reply at 4.)  Again, this court is not persuaded by defense counsel's argument.  Plaintiff has submitted evidence to show that on July 6, 2009, the director's level of review received plaintiff's administrative grievance Log No. CMF-06-09-10796 and assigned it to an appeals examiner with a response due date of September 25, 2009.  On November 16, 2009, plaintiff sent a letter to the Chief of the Inmate Appeals Branch asking for a response to his appeal and an explanation as to why six months had lapsed since he filed his administrative grievance.  On November 24, 2009, the Inmate Appeals Branch sent plaintiff's letter to the Office of Third Level Appeals – Health Care Division.  On December 24, 2009, the Office of Third Level Appeals – Health Care Division sent plaintiff a letter informing him that they were reviewing his appeal, but due to the backlog of cases responses could be delayed.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss, Ex. B at 12-14.)

It is not clear whether prison officials at the Office of Third Level Appeals – Health Care Division ever sent plaintiff a response to his administrative grievance Log No. CMF-06-09-10796 thereby technically concluding the administrative grievance process.  Nevertheless, even if plaintiff never received a response from the Office of Third Level Appeals – Health Care Division, the court finds that plaintiff should be excused from complying with the exhaustion requirement because prison officials made administrative remedies effectively unavailable to him. See Sapp, 623 F.3d at 822; Nunez, 591 F.3d at 1224.  Cf. Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance.").

In opposing the pending motion to dismiss, plaintiff has presented sufficient evidence to demonstrate that he properly filed administrative grievance Log No. CMF-06-09-10796 at the

6

third and final level of review, but prison officials it seems never responded to the grievance even after plaintiff followed up with them.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss, Ex. B at 12-14.)  In this regard, plaintiff took all "reasonable and appropriate steps" to exhaust his administrative remedies, but through no fault of his own was precluded from doing so.  See Nunez, 591 F.3d at 1224; see also Dole v. Chandler, 438 F.3d 804, 811 (7th Cir. 2006) ("Because [the prisoner] properly followed procedure and prison officials were responsible for the mishandling of his grievance, it cannot be said that [the prisoner] failed to exhaust his remedies."); Chatman v. Felker, No. CIV S-03-2415 JAM EFB (TEMP) P, 2011 WL 445685 at *9 (E.D. Cal. Feb. 3, 2011) (finding prisoner's claims against defendants to be exhausted after he presented evidence that he prepared a grievance and when he did not receive a response he attempted to pursue his claims through a number of other channels).

Defendants do not explain why prison officials failed to respond to plaintiff's administrative grievance Log No. CMF-06-09-10796.  Defense counsel merely argues that there is no evidence that plaintiff exhausted this appeal at the third and final level of review.  However, defendants have the burden to raise and prove the affirmative defense of failure to exhaust administrative remedies.  See Jones, 549 U.S. 216; Wyatt, 315 F.3d at 1117-19.  Here, defendants have not rebutted plaintiff's evidence showing that administrative remedies were effectively unavailable to him at the third and final level of review, and as such, they have not carried their burden in this instance.  Accordingly, defendants' motion to dismiss should be denied.[2]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss for failure to exhaust administrative remedies (Doc. No. 138) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

---

[2] In light of the undersigned's recommendation that defendants' motion to dismiss for failure to exhaust be denied on the merits, the undersigned declines to address plaintiff's alternative argument that the pending motion is untimely because defense counsel filed it after filing an answer.

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 4, 2013

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jame1171.57fte

8