UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CORNELIUS JAMES,<br><br>Plaintiff,<br><br>v.<br><br>DEEPAK MEHTA, ET AL.,<br><br>Defendant. | Case No. 2:10-cv-01171-LKK-DAD<br><br>**STIPULATION FOR A PROTECTIVE ORDER**<br><br>Magistrate Judge:   Hon. Dale A. Drozd |

WHEREAS, on December 20, 2013, the Court set a status conference for January 10, 2014, to determine if Dr. Uppal is capable of suit or representation (Doc. # 170);

WHEREAS, on January 5, 2014, Defendant Uppal's counsel obtained recent medical records pertaining to Dr. Uppal;

WHEREAS, on January 6, 2014, Defendants Uppal's counsel offered to provide the medical records to Plaintiff's counsel, but due to privacy and HIPAA concerns, cannot do so in the absence of a protective order;[1]

1.  The parties designate the medical records from North Bay Health Care, dated January 1, 2014, and St. Helena Hospital, dated January 2, 4, and 5, 2014, ("Dr. Uppal's Medical Records") as highly confidential and/or proprietary nature as

---

[1] The medical records have been submitted to the Court for in camera review.

1

"CONFIDENTIAL—ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only Material"). Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, and to counsel for the parties (including the student attorneys, paralegal, clerical, and secretarial staff employed by counsel), but shall not be disclosed to a party, unless otherwise agreed or ordered. If disclosure of Attorneys' Eyes Only Material is made, all other provisions in this Order with respect to confidentiality shall also apply.

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of prosecution, defense, or settlement of this action, and for no other purpose.

4. The Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, or to counsel for a party (including the student attorneys, paralegal, clerical, and secretarial staff employed by such counsel).

5. If Dr. Uppal's Medical Records are included in any papers to be filed in Court, such papers shall be labeled "Confidential—Subject to Court Order," and filed under seal.

6. In the event that Dr. Uppal's Medical Records are used in any court proceeding in this action, they shall not lose their confidential status through such use, and the party using the material shall take all reasonable steps to maintain its confidentiality during such use.

7. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time a question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

8. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or a waiver by any party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence of obligation.

9. This Order shall survive the final termination of this action, to the extent that Dr. Uppal's Medical Records are not or do not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed under this Order.

10. Upon termination of this case, Plaintiff's counsel and co-Defense counsel shall return Dr. Uppal's Medical Records designated as confidential and all copies of same, other than papers on file with the Court, or shall certify the destruction thereof.

11. Notwithstanding the foregoing, counsel shall be permitted to retain a copy of each document filed with the Court or served in this proceeding, including correspondence with opposing counsel, which copies shall remain subject to the terms of this Order.

SO STIPULATED:

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: January 6, 2014 | U.C. Davis Civil Rights Clinic |
| 3 | | By: */s/ Carter C. White* |
| 4 | | Carter C. White<br>Supervising Attorney |
| 5 | | Attorney for Plaintiff<br>CHARLES C. JAMES |
| 6 | | |
| 7 | Dated: January 6, 2014 | Burke, Williams & Sorensen, LLP |
| 8 | | |
| 9 | | By: */s/ Mitchell A. Wrosch*<br>Susan E. Coleman |
| 10 | | Kristina D. Gruenberg<br>Mitchell A. Wrosch |
| 11 | | Attorneys for Defendant |
| 12 | | C. CAPITANO AND R.K. UPPAL |
| 13 | Dated: January 6, 2014 | Williams & Associates |
| 14 | | |
| 15 | | By: */s/ Kathleen J. Williams* |
| 16 | | Kathleen J. Williams |
| 17 | | Attorneys for Defendants |
| 18 | | AGUILERA, ANDREASEN, BICK,<br>DHILLON, MEHTA, PAI,<br>WILLIAMS, M.D. AND WILLIAMS, |
| 19 | | N.P. |
| 20 | IT IS SO ORDERED. | |
| 21 | Dated: January 7, 2014 | |
| 22 | | |
| 23 | /jame1171.po(2) | DALE A. DROZD<br>UNITED STATES MAGISTRATE JUDGE |