UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CORNELIUS JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>DEEPAK MEHTA, et al.,<br><br>    Defendants. | No. 2:10-cv-1171 LKK DAD P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding through counsel, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 11, 2013, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

/////

1

In the objections, plaintiff contends, inter alia, that he should be given leave to amend the complaint to clarify which allegations form the basis for his claim under California Government Code § 845.6, and he provides three separate examples of such allegations. Objections filed October 25, 2013 (ECF No. 143) at 5-6. He provides three separate examples of such allegations. Id. All three examples, however, are of allegations that one or more medical providers failed to provide necessary medical care. In recommending that defendants' motion for judgment on the pleadings be granted, the magistrate judge relies on, inter alia, Castaneda v. Department of Corrections and Rehabilitation, 212 Cal.App.4th 1051 (Cal.App. 2 Dist. 2013).[1] The Castaneda court explicitly discussed the distinction between a failure to summon medical care under California Government Code § 845.6 and the failure to provide necessary or adequate medical care:

> Nelson[2] held "as a matter of statutory interpretation, that the act of a doctor or other such professional who, in the course of treatment of a prisoner, fails to prescribe and/or provide the correct medication is [not] the legal equivalent to a failure to summon medical care as set forth in [§ 845.6]." (Id. at pp. 80–81, 188 Cal.Rptr. 479.) " Once a practitioner has been summoned to examine and treat a prisoner, he or she is under a duty to exercise that degree of diligence, care, and skill such as is ordinarily possessed by other members of the profession. Failure to do so is malpractice. [Citation.] Failure of a practitioner to prescribe or provide necessary medication or treatment to one he or she has been summoned to assist is a breach of such duty and as such is also medical malpractice and clearly, as a matter of the plain meaning of the statutory language, cannot be characterized as a failure to summon medical care." (Id. at p. 81, 188 Cal.Rptr. 479, italics added.)

Castaneda, 212 Cal.App.4th at 1070-71. Plaintiff's claims under California Government Code § 845.6 are based on allegations of failure to provide necessary medical care. Amendment would not cure the defects in these claims.

---

[1] The Castaneda court expressly indicated that that the decision of the Ninth Circuit in Jett v. Penner, 439 F.3d 1091 (9th Cir. 2006) is incorrect in its interpretation of California Government Code § 845.6. The court agrees with the magistrate judge that there is no convincing evidence before the court that the California Supreme Court would interpret § 845.6 differently from the Castaneda court and that pursuant to binding Ninth Circuit authority this court should therefore follow Castaneda. See Findings and Recommendations filed October 11, 2013 (ECF No. 139) at 5 (quoting In re Watts, 298 F.3d 1077, 1083 (9th Cir. 2002) (internal citation omitted)).

[2] Nelson v. State of California, 139 Cal.App.3d 72 (Cal.App. 1982).

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 11, 2013, are adopted in full; and

2. Defendants' motion for judgment on the pleadings and motion to strike (Doc. No. 130) are granted.

DATED: January 28, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT